UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MCCREARY, et al., <br>                 Plaintiffs, <br> v. <br> WELLS FARGO BANK, N.A., et al., <br>                 Defendants. | Case No. 18-cv-04200-VC <br><br> **ORDER RE MOTIONS TO DISMISS** <br> Re: Dkt. Nos. 12, 26 |

1. Wells Fargo Bank's Motion to Dismiss is granted. The McCrearys' claims against Wells Fargo based on dual tracking (Cal. Civ. Code § 2924.11), failure to provide a single point of contact (Cal. Civ. Code § 2923.7), and the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) are preempted by the federal Home Owners' Loan Act. *Cf. Metzger v. Wells Fargo Bank, N.A.*, No. LA CV14-00526 JAK (SSx), 2014 WL 1689278, at *2-4 (C.D. Cal. Apr. 28, 2014); *Kenery v. Wells Fargo, N.A.*, No. 5:13-CV-02411-EJD, 2014 WL 129262, at *2-5 (N.D. Cal. Jan. 14, 2014). "[A]lthough Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because [the plaintiffs'] loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations." *Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010). Because the preemption of these state law claims against Wells Fargo cannot be cured by amendment, they are dismissed without leave to amend.

2. The McCrearys also bring a claim against Wells Fargo for breach of the covenant of good faith and fair dealing, which generally wouldn't be preempted. To the extent the claim is merely a common-law repackaging of the statutory claim for dual tracking, it is also preempted.

*See Rastegar v. Wells Fargo Bank, N.A.*, No. SACV 16-00078 JVS (DFMx), 2016 WL 7495832, at *4 (C.D. Cal. Mar. 15, 2016), *aff'd*, 745 F. App'x 761 (9th Cir. 2018); *see also Barzelis v. Flagstar Bank, F.S.B.*, 784 F.3d 971, 974-75 (5th Cir. 2015). To the extent the McCrearys raise a separate allegation against Wells Fargo for hindering their ability to perform under the loan agreement, it may not be preempted. *Cf. Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 972 (9th Cir. 2017). But it is dismissed for failure to state a claim. The McCrearys do not allege with sufficient specificity which agreement, or provisions thereof, Wells Fargo violated. If the operative agreement is the Deed of Trust, the McCrearys do not plausibly plead that they substantially performed given that they defaulted. *See also* Deed of Trust at 13, Exhibit A, Dkt. No. 26-1 ("breach of duty" means the borrowers "do not pay the full amount of each regularly scheduled payment on the date it is due"); Notice of Default at 1, Exhibit B, Dkt. No. 26-1 (notifying McCrearys their arrears was $220,029.58 at the time). Dismissal of this claim is with leave to amend.[1]

      3. Wilmington Trust's motion to dismiss is granted. The McCrearys' claims against Wilmington Trust rest solely on a theory of vicarious liability, and neither claim can do so. *See Perfect 10, Inc. v. Visa International Service Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007) (recognizing UCL claim cannot be based on vicarious liability); *Green v. Central Mortgage Co.*, 148 F. Supp. 3d 852, 877 (N.D. Cal. 2015) ("The regulations circumscribe the conduct of loan servicers only[,]" not beneficiaries.). Dismissal is with leave to amend.

      4. Fay Servicing's motion to dismiss is also granted. The McCrearys plausibly allege that Fay Servicing failed to communicate with them regarding their pending loss mitigation application in violation of 12 C.F.R. § 1024.41. But they fail to sufficiently plead actual damages that resulted from Fay Servicing's conduct, as opposed to the conduct of other defendants or the McCrearys' own default. *See Purganan v. Wells Fargo Bank N.A.*, No. 18-CV-03102-HSG,

---

[1] Wells Fargo's unopposed request for judicial notice of Exhibits A-D is granted as those documents are incorporated by reference in the First Amended Complaint.

2019 WL 402316, at *2-3 (N.D. Cal. Jan. 31, 2019).[2] Second, the McCrearys also failed to plausibly allege a loss of money or property as a result of Fay Servicing's conduct, thus they haven't established standing to support their UCL claim. *See Haynish v. Bank of America, N.A.*, No. 17-CV-01011-HRL, 2018 WL 2445516, at *6 (N.D. Cal. May 31, 2018). Therefore, to the extent the McCrearys are bringing a UCL claim based on allegations separate from their underlying 12 C.F.R. § 1024.41 allegation, it fails for lack of statutory standing. Dismissal of this claim is with leave to amend.

5. If the McCrearys wish to file an amended complaint in accordance with the above discussion, they must do so within 21 days of this order.

**IT IS SO ORDERED.**

Dated: February 6, 2019

VINCE CHHABRIA
United States District Judge

---

[2] This is true whether the Court were to recognize emotional distress as constituting "actual damages" for purposes of 12 U.S.C. § 2605(f)(1)(A) or not. *Cf. Phillips v. Bank of America Corp.*, No. 5:10-CV-04561 EJD, 2011 WL 4844274, at *5 (N.D. Cal. Oct. 11, 2011) (recognizing an intra-district split in the absence of Ninth Circuit authority on the issue).