UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES MCCREARY, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 18-cv-04200-VC

**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. Nos. 62, 64

1. Fay Servicing's motion to dismiss is granted. The regulatory claim is dismissed because the McCrearys fail again to sufficiently plead actual damages that resulted from the loan servicer's conduct, as opposed to the conduct of other defendants or the McCrearys' own default. *See* Dkt. No. 56, ¶ 4. The only change the McCrearys made to their pleadings was to add the phrase "accumulation of foreclosure fees" to their list of harms caused by Fay's conduct. The McCrearys fail to explain this ambiguous phrase in their Second Amended Complaint or their Opposition to the Motion to Dismiss. Instead, the McCrearys focus their arguments on the allegations of emotional harm. Even if this Court were to recognize emotional distress as "actual damages" here, *cf. Phillips v. Bank of America Corp.*, No. 5:10-CV-04561 EJD, 2011 WL 4844274, at *5 (N.D. Cal. Oct. 11, 2011), the McCrearys have failed to allege sufficient facts tying that emotional harm to Fay's conduct. The McCrearys' UCL claim also fails for the reasons stated in the Court's previous ruling. *See* Dkt. No. 56, ¶ 4.

2. Wells Fargo's motion to dismiss is granted. The McCrearys cannot state a claim for breach of implied covenant of good faith and fair dealing because, given that they admit they defaulted on their loan, they cannot claim that they performed their contractual obligations. *See*

*Tangonan v. Wells Fargo Bank N.A.*, No. C 17-02707 WHA, 2017 WL 5900189, at *5 (N.D. Cal. Nov. 30, 2017). Moreover, the McCrearys have not pled facts to support their allegations that Wells Fargo interfered in bad faith with their ability to make payments per the terms of the deed. Wells Fargo's participation in the McCrearys' modification application, including its intimations that an agreement could be made, cannot reasonably be interpreted as bad faith interference. The McCrearys' application to modify their loan can only be understood as negotiations between the McCrearys and Wells Fargo to form a second, separate agreement, through which the McCrearys might have avoided the consequences of their default (i.e. their breach of the Deed of Trust). It cannot reasonably be understood as a renegotiation of the Deed of Trust or the parties' obligations under that agreement.[1]

3. To the extent the Second Amended Complaint brings a UCL claim against Wilmington Trust, that claim is dismissed for the reasons stated in the Court's previous ruling. *See* Dkt. No. 56, ¶ 3.

4. Dismissal is without leave to amend. The McCrearys made only a cursory attempt to amend their pleadings in this third iteration of their complaint and have offered no reason to think that further leave to amend would allow them to state a claim. Nor can the Court, after reviewing several iterations of the complaint, conceive of a way the McCrearys could successfully state a claim. Moreover, it appears that this lawsuit is part of a larger attempt to abuse the process to forestall foreclosure. In addition to this lawsuit, the McCrearys have filed three bankruptcy actions, and in the second of those actions the Bankruptcy Court relieved the defendants from the automatic stay because it found the proceeding to be part of an improper scheme to delay. *See* Order Granting Motion for In Rem Relief at 2, Ex. 11, Dkt. No. 63-1.[2] For

---

[1] The McCrearys concede that they do not bring a UCL claim against Wells Fargo. Opp. to Wells Fargo at 1 n.1, Dkt. No. 67.

[2] Fay Servicing's unopposed request for judicial notice of this exhibit, a publicly filed order, is granted. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

all these reasons, the case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 6, 2019

_____

VINCE CHHABRIA
United States District Judge